Curia, per

Richardson, J.
This Court concurs in the decree of the City Judge; and in the law as expounded; *297 therefore very little comment is required. The specific objection made by the appeal is, that the memorandum in pencil is not sufficient to take the case out of the statute of frauds. But the words “sold to James Pattina, $2 per box,” refer to the sixty boxes of lemons ; and being written with a pencil constitutes no valid objection; (2 Kent, 402, and several cases referred to by the presiding Judge.)
This brief memorandum endorsed on the invoicessubjoined to the bill of lading, refers to the consignment of sixty boxes of lemons as sold at the time to Pattina, and thus shews the sale with reasonable certainty, without the necessity of mere verbal evidence. This satisfies the statute of frauds. It was a written and not merely a verbal contract. But by whom was the memorandum endorsed? It was made in the presence of, and by the authority of Pattina, says Mr. Mo wry; and Mr. Mo wry being the connsigee, thus became the agent also of the vendee in the terms of the statute, “their agent thereby legally authorized.”
It was asked in the argument why was not the bill of lading delivered; this might have been done. But as Mowry had still to receive and deliver the lemons, he retained it, with reason; the delivery was prospective. As to the debit made in the books of Mowry, it cannot lessen the written memorandum, which is intelligible without the books, and the entry was in the way of commission merchants, salesmen, (fee.
The appeal is dismissed upon all the grounds taken.
O’Neall, Evans, Butler, Wárdlaw and Frost, JJ. concurred.